UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TARUNA ROY** | **CASE NO. 2:21-CV-01652** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MAXUM INDEMNITY CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING AND ORDER

Before the Court is "Maxum Indemnity Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 7) wherein the mover seeks to dismiss this lawsuit because the amount in controversy does not exceed $75,000 exclusive of interest and costs.

### BACKGROUND

This lawsuit arises out of Plaintiff's claims for damages to rental property that was damaged in May 2020 by a hailstorm and also in August 2020 by Hurricane Laura. Plaintiff alleges in her Complaint that her insurer, Maxum Indemnity Co. ("Maxum") has failed to pay losses owed under the terms of its insurance policy. Plaintiff seeks to recover amounts owed under the terms of the insurance policy issued by Maxum.  Plaintiff also seeks attorney's fees and costs under Louisiana Revised Statute 22:1892 and actual damages under Louisiana Revised Statute 22:1973A.

Plaintiff filed this suit in federal court under 28 U.S.C. § 1332(a).

### RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.) *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts have instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson,* 448 F.2d 658 (5th Cir. 1971). Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir. 1986).

## **LAW AND ANALYSIS**

Pursuant to 28 U.S.C. § 1332, a federal court has original subject matter jurisdiction over matters alleging state-law claims in which there is complete diversity between the plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of

interest and costs. Where the plaintiff does not allege a determinate amount of damages, "the burden then becomes a preponderance of the evidence for the party seeking to invoke the court's jurisdiction. . . that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Maxum complains that the Complaint failed to allege the amount of the unpaid losses or any other amounts allegedly owed. Thus, Maxum maintains that Plaintiff's bare allegation is insufficient to meet her burden of proving the existence of subject matter jurisdiction. *Alexanian v. Brown,* 2007 WL 9813366, at *1-2 (W.D. La. Nov. 6, 2007) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250, 1253 (5th Cir. 1998); see also *Celestine v. Transwood, Inc.,* 2011 WL 4565756, *1 (M.D. La. 2011) (plaintiff's bare allegation that the amount in controversy exceeded $75,000 was insufficient to show the amount in controversy likely exceeded $75,000).

Maxum asserts that Plaintiff's own estimate for damages to the property establish the amount in controversy cannot exceed $75,000. Plaintiff contends that Maxum ignores the other claims for recovery asserted in the Complaint despite the fact the law is clear that those claims must be considered in determining the threshold jurisdictional amount. Specifically, Plaintiff argues that the jurisprudence requires consideration of claims for attorney's fees in making that determination. *Foret v. Southern Farm Bureau Life*

*Insurance Co.,* 918 F.2d 534, 537 (5th Cir. 1990); *Manguno v. Prudential Property & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). It also requires consideration of claims for penalties, in addition to attorney's fees, under Louisiana's bad-faith insurance statutes. *Isle of Capri Casinos, Inc. v. COL Management,* 2009 WL 691167 (W.D. La. 2009); *Medine v. State Farm Ins. Co.,* 2018 WL 4292345 (M.D. La. 2018); *Easley v. Republic Fire and Cas. Ins. Co.,* 2020 WL 7344614 (M.D. La. 2020).

Plaintiff maintains that considering all the elements in the Complaint, including actual damages, mental anguish pursuant to Louisiana Revised Statute 22:1973A, and penalties, the amount exceeds $75,000. Plaintiff relies on *Leland v. Lafayette Ins. Co.,* 77 So.3d 1078, *writ denied,* 82 So.3d 285 (La. 2/17/12) wherein the plaintiff's rental property was damaged by Hurricane Rita and filed suit against the insurer. The jury found the insurer breached its duty of good faith and awarded to each of the two plaintiffs $45,000 ( without medical treatment), and a penalty of two times this amount ($90,000) to each Plaintiff pursuant to Louisiana Revised Statute 22:1220C (now Louisiana Revised Statute 22:1973C). The Court of Appeal affirmed the award.

Maxum maintains that Plaintiff has failed to provide affirmative proof of the damages she claims her property sustained. In *Griffin v. Louisiana Citizens Property Ins. Corp.*, 2009 WL 1971184 (E.D. La. July 1, 2009) (unpublished opinion) the Plaintiff asserted her damages in the amount of $138,780.77 in her memorandum addressing subject matter jurisdiction, but did not provide affirmative proof for any of those items, including

a copy of her insurance policy. The *Griffin* court also noted that simply stating that Plaintiff may be entitled to penalties is not enough without actual facts indicating the propriety of such penalties and indicating why she is actually entitled to those penalties. Citing *Thompson v. Allstate Ins. Co.,* 2007 WL 763219 (E.D. La. March 18, 2007). In other words, relying solely on the penalty statues without facts relevant to the allocation of penalties will not suffice. The *Griffin* court concluded that the plaintiff had not provided evidence demonstrating a specific action that constituted a "breach," nor had plaintiff provided evidence demonstrating the "arbitrary and capricious" nature of the defendant's acts.

Plaintiff alleges in her Complaint that no losses have been paid to date due to the insurer's position that the property's address of 7287 Big Lake Rd., Lake Charles, Louisiana 70605 is not listed in the Maxum policy, but instead an address of 7208 Vermillion Dr. Lake Charles, Louisiana 70605 (a property not owned by Ro is listed.[1] The Complaint further alleges that the property was inspected on two different occasions but Maxum denied coverage due to the correct property address not being listed in the policy.

Plaintiff's Complaint seeks payment for the losses which Maxum has failed to pay in addition to a 50% penalty on the amount due from Maxum pursuant to Louisiana Revised Statute 22:1982, as well as reasonable attorney's fees and cost for Maxum's failure to unconditionally tender the amount owed to Plaintiff within 30 days after receipt of satisfactory proof of loss.[2] In addition, pursuant to Louisiana Revised Statute 22:1973,

---

[1] Complaint, ¶ 14, Doc. 1.
[2] Id. ¶ 22.

Plaintiff seeks actual damages including but not limited to lost revenues, lost business opportunities and increased expenses cause by the damages to the property and Plaintiff's inability to repair the property timely due to Maxum's non-payments.[3] Plaintiff also seeks pursuant to Louisiana Revised Statute 22:1973 penalties of up to two times the actual damages Plaintiff sustained or five thousand dollars, whichever is greater.

Attached to Maxum's Motion to Dismiss is an Estimate of the damages on the property located at 7287 Big Lake Rd.[4] The date of the inspection is September 20, 2020, and the estimated loss for damages is $24,375.90.[5]

It appears to this Court that if Plaintiff's allegations are correct, and the Maxum insurance policy should have paid this claim within 30 days of satisfactory proof of loss. However, Plaintiff must establish with supporting evidence such as documentary evidence, affidavits, the insurance policy, policy limits, etc. that her claim exceeds the jurisdictional amount of $75,000. Neither the Complaint, nor Plaintiff's opposition satisfy this threshold requirement. Simply stating that Plaintiff may be entitled to penalties is not enough. Considering that this case is in its infancy, the Court is not inclined to dismiss it at this time. Instead, the Court will permit Plaintiff to amend her petition to allege her mental anguish claims and any facts to support her contention that her claims meet the jurisdictional amount.

---

[3] Id. ¶ 23.
[4] Defendant's exhibit A.
[5] Id. p. 9.

## **CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff file no later than 30 days from this Order, an Amended Complaint to support her allegations that this lawsuit meets the jurisdictional requirement.

**THUS DONE AND SIGNED** in Chambers on this 1st day of September, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**